UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JULIE MICHELLE GEHRKE,

        Plaintiff,

  v.                                         Case No. 18-cv-1800-pp

NANCY BERRYHILL,

        Defendant.

_____

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 6)**

_____

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying filing fee. Dkt. No. 3. On December 3, 2018, the court issued an order directing the plaintiff to file an amended request for leave to proceed without prepaying the filing fee, specifically asking the plaintiff to clarify whether she had minor children that she and her husband were responsible for supporting, and to further itemize the expenses she included in the "Other household expenses" category. Dkt. No. 5. The court received the amended request two weeks later. Dkt. No. 6.

      To allow the plaintiff to proceed without paying the fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's amended affidavit, the court concludes that she does not have the ability to pay the filing fee. As the court

noted in its December 3 order, the affidavit indicates that the plaintiff is not employed, married, and has no dependents. Dkt. No. 3 at 1. The plaintiff lists her husband's monthly wages or salary as $3,700 per month; she lists expenses of $1,388.97 (mortgage), $334.88 (car payments), $300 (credit card payments), and $1,949.41 (other household expenses). Id. at 2. The plaintiff indicates that she and her husband own three vehicles (including a 2017 model valued at over $15,000), a home with just over $23,000 in equity, and $396 in a checking/savings or similar account. Id. at 3. Under Section V in the original affidavit, under "Other Circumstances," the plaintiff stated, "[my] husband and I have outstanding medical bills that we owe and are not able to pay. They are from myself *and my (our) children*. Lots of them went to bill collectors because we don't have the money to pay them." Id. at 4 (emphasis added). The plaintiff clarifies in the amended request that she and her husband have two adult (over 18) children living with them, which means that the monthly expenses are incurred by four people. Dkt. No. 6 at 4. The amended request states that the medical expenses for her children, to which she referred in the original request, dkt. no. 3 at 4, were incurred when the children were minors, "and that is why [the plaintiff and her husband] are responsible for them and why [they] are paying them," dkt. no. 6 at 4. The court concludes from the information provided in the original and the amended requests that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person

may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the plaintiff was disabled during the period referenced and that the plaintiff believes the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence, and/or are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**